**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

PATRICIA VERONESE,

                              Plaintiff,

        - v -                                  Civ. No. 1:11-CV-1243
                                                               (GLS/RFT)

AMANDA MALLOY; and PHILLIS ADLER,

                              Defendants.

**APPEARANCES:**                            **OF COUNSEL:**

PATRICIA VERONESE
Plaintiff, *Pro Se*
88 Remsen Street
Apt. 3
Cohoes, New York 12047

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a civil rights Complaint filed by *pro se* Plaintiff Patricia Veronese. Dkt. No. 1, Compl. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* (IFP). Dkt. No. 2.

### II. DISCUSSION

#### A. *In Forma Pauperis* Application

Turning first to Plaintiff's Motion to Proceed with this Action *In Forma Pauperis*, after reviewing the entire file, the Court finds that Plaintiff may properly proceed with this matter *in forma pauperis*.

#### B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to

proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain her complaint before permitting her to proceed with her action.

In drafting her Complaint, Plaintiff utilizes a court form normally used for litigants seeking redress of alleged constitutional violations through 42 U.S.C. § 1983, which "establishes a cause of action for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortg. Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (quoting *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) & 42 U.S.C. § 1983)); *see also Myers v. Wollowitz*, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights"). In her brief *pro se* Complaint, Plaintiff complains that Defendant Amanda Malloy[1] falsely accused Plaintiff's husband, Richard, of violating his probation by stating that he had refused therapy sessions. Plaintiff also accused Defendant Malloy of having Richard arrested, after which he was placed in county jail. Attached to the Complaint are two documents: 1) Discharge Summary, signed by Amanda Maloy, dated September 16, 2011; and 2) Violation of Probation, dated September 29, 2011, signed by Tyrone Keck, Probabtion Officer, and approved by Margaret Jeffers, Probation Supervisor.[2] Plaintiff asserts that her spouse was falsely imprisoned,

---

[1] There are no factual allegations included in the Complaint against Defendant Adler; the only time her name is mentioned is under the section entitled "Parties".

[2] These documents fill in parts of the story left out of the Complaint. According to these documents, which contain hand-written notations decrying/denying certain statements, Richard Veronese was found guilty of endangering
(continued...)

both she and her spouse were defamed, and they were discriminated against because of their religion.³  Her Prayer for Relief is for her husband to be released from prison and for her to be compensated $25,000 for her pain and suffering and to help pay for her medical expenses, doctor bills, medication, and other therapy.

Plaintiff's § 1983 action is problematic on multiple fronts.  First, to the extent she seeks to maintain this claim on the basis that her husband's rights were violated, she lacks standing to do so.  The issue of standing may be properly raised by this Court *sua sponte* because the federal courts are under an independent obligation to examine their own jurisdiction, and standing "is perhaps the most important of [the jurisdictional] doctrines."  *Allen v. Wright*, 468 U.S. 737, 750 (cited in *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)); *see also* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  Indeed, standing is a "jurisdictional prerequisite to a federal court's deliberations[.]"; *Thompson v. Cnty. of Franklin*, 15 F.3d 245, 248 (2d Cir. 1994) (quoting *Hodel v. Irving*, 481 U.S. 704, 711 (1987)).  The party seeking to invoke federal jurisdiction bears the burden of establishing the elements of standing, namely, (1) injury, (2) causation, and (3) likelihood of redress.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102-04 (1998).  Plaintiff cannot maintain a claim on the basis that her husband's rights were violated when he was falsely imprisoned, only he could assert

---

²(...continued)
the welfare of his minor daughter, age fifteen, after he encouraged her to engage in sexual relations with her then boyfriend while he watched.  Richard was sentenced to a term of probation to expire in January 2012 and was further ordered not to have contact with his children and to be compliant with treatment.  Because these documents identify the minor who was a victim of a sex offense, we direct that the Complaint be sealed.  *See Brown v. Duncan*, 2003 WL 21294476, at *1 n.1 (N.D.N.Y. June 4, 2003); N.Y. CIV. RIGHTS LAW § 50-b.

³ Plaintiff never states what her and her husband's religion.

such an action.[4]

Secondly, to the extent Plaintiff asserts that she experienced injuries arising from her husband's arrest, in the form of loss of support or consortium, it is clear that § 1983 does not support derivative claims for loss of consortium. *See Phillips v. DeAngelis*, 571 F. Supp. 2d 347, 358-59 (N.D.N.Y. 2008). Derivative claims such as these are not cognizable because they do not involve "an injury based on a deprivation of the plaintiff's rights, privileges, and immunities." *Shenk v. Cattaraugus Cnty.*, 2007 WL 2874427, at *6 (W.D.N.Y. Sept. 27, 2007) (quoting *Stallworth v. City of Cleveland*, 893 F.2d 830, 838 (6th Cir. 1990) and further citing other district court cases within the Second Circuit for the proposition that a loss of consortium claim is derivative and not cognizable under § 1983); *Pritzker v. City of Hudson*, 26 F. Supp. 2d 433, 445 (N.D.N.Y. 1998) ("Loss of consortium is not an independent cause of action, but is derivative. . . . This Court has no jurisdiction over the derivative claims.").

Finally, Plaintiff cannot maintain this action because it is not entirely clear that either of the named Defendants are acted under color of state law. It appears that the Plaintiff and her husband attended therapy sessions at St. Anne Institute as part of the conditions of Richard's probation. *See* Compl., Attach. (quoting special condition #2, which directed Richard to "[s]ubmit to a sex offender evaluation at an Association for the Treatment of Sexual Abusers (ATSA) participating provider").

It is well-settled that parties may not be held liable under § 1983 unless it can be established that they have acted under the color of state law; state action is an essential element of any § 1983 claim. *See Gentile v. Republic Tobacco Co.*, 1995 WL 743719, at *2 (N.D.N.Y. Dec. 6, 1995)

---

[4] We note that were her husband to bring such a claim on his own, other obstacles may stand in the way, such as the Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), which could prevent Richard from bringing a § 1983 challenge that would, if decided in is favor, call into question the validity of his conviction. *Heck*, 512 U.S. at 486-87.

(citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (citation omitted). Traditionally, the definition of acting under color of state law requires that the section 1983 defendant "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks and citation omitted)). While "private parties acting under color of state law can be held liable for violations of federal constitutional rights," *Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citation omitted), because there is no indication that these Defendants acted under color of state law with regard to the Plaintiff's and her husband's therapy and subsequent discharge, she cannot maintain a § 1983 action against them.[5]

In this regard, it appears that § 1983 is not the proper vehicle for Plaintiff to seek judicial review of the claims herein. Accordingly, to the extent Plaintiff is seeking to remedy some constitutional violation, her Complaint fails to state a cause of action to which relief can be provided and should therefore be **dismissed**.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *in Forma Pauperis* Application (Dkt. No. 2) is **granted**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) be sealed because it contains a reference to the identify of a victim of a sex offense; and it is further

**RECOMMENDED**, that the entire Complaint be **dismissed** pursuant to 28 U.S.C. §

---

[5] Thus, even if we were to liberally construe Plaintiff's claim as asserting a constitutional deprivation of her right to intimate association under the First or Fourteenth Amendment, such claim would nevertheless fail due to the fact that she has sued individuals who are not claimed to have acted under color of state law as that notion is typically defined.

1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(e).

**IT IS SO ORDERED**.

Date:   October 21, 2011
         Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge